UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PAYNE,<br><br>               Plaintiff,<br><br>   v.<br><br>JOSIE GASTELO, *et al.*,<br><br>               Defendants. | Case No. CV 16-01484 FMO (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

      Plaintiff, a state prisoner who is presently incarcerated at the California Men's Colony in San Luis Obispo, California ("CMC"), filed this *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on February 22, 2016.[1] He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff names as defendants Warden Gastelo, and Correctional Officers D. Risner, R. Ochoa, and F. Cota. (Complaint, Doc. No. 1 at 1-2.) The caption of plaintiff's Complaint names only Warden Gastelo as a defendant. He then lists three

---

[1] The case was transferred to the Central District of California from the Southern District upon a finding that venue properly lies in the Central District. (*See* Doc. No. 3.)

defendants (not including the Warden) on the first page of the Complaint. But he only identifies D. Risner and R. Ochoa as defendants on the second page of the Complaint. Further, plaintiff fails to specify if he is naming the defendants in their individual or official capacities. (*See* Doc. No. 1 at 1-2.) In addition, the pages of the Complaint are not numbered consecutively and are interspersed with exhibits. Plaintiff is admonished that, irrespective of his *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the caption of the pleading must include all defendants listed in the body of the pleading. If plaintiff desires to proceed with this action, he must comply with Local Rules 11-3.1, 11-3.2, and 11-3.3 concerning the format of his pleading.

Plaintiff's claims arise from incidents that occurred at CMC. (*Id.* at 1.) Plaintiff alleges that he received a California Department of Corrections and Rehabilitation ("CDCR") "Classification Chrono showing that the department classification committee erroneously classified plaintiff as a sex offender." (*See id.* at 3.) Interspersed in the pages of the Complaint are a number of documents that appear to pertain to plaintiff's prison administrative grievances concerning his classification level. The Complaint appears to raise claims for violation of plaintiff's due process and equal protection rights. (*Id.* at 3, 5). Plaintiff seeks monetary damages (*id.* at 33) and unspecified injunctive relief (*id.* at 4).

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court now has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

2

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

Following careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than May 25, 2016, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**DISCUSSION**

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Plaintiff's Complaint appears to allege that prison officials inappropriately assigned him an "R" suffix for "Restricted," which was affixed to his classification status. (Doc. No. 1 at 8.) Although plaintiff alleges that he received a CDCR document "showing that the department classification committee erroneously

classified plaintiff as a sex offender" (*id.* at 3), plaintiff's Complaint does not point to any portion of the exhibits that are included with the pleading to support this allegation. To the contrary, the documents attached to the Complaint reflect that an "R" was affixed on August 14, 2013, and plaintiff's subsequent administrative grievance challenging the classification was rejected as untimely. (*Id.* at 8.) At the Second Level of Review, in a letter dated October 13, 2015, plaintiff is quoted as stating that he believes that the decision rejecting his grievance for not meeting time constraints was incorrect. Prison officials found at the Second Level of Review that plaintiff was aware of the Unit Classification Committee's recommendation to affix the "R" suffix on August 14, 2013, and that plaintiff's grievance was appropriately cancelled for failing to meet departmental time constraints. (*Id.* at 15-16.) In the Third Level Appeal Decision letter, plaintiff was informed that the rejection of his administrative appeal as untimely was appropriate, and that no relief was warranted. (*Id.* at 9.) Nothing in the documentation that plaintiff included with the Complaint supports plaintiff's assertion that he received notification that he had erroneously been classified as a sex-offender. (*Id.* at 3.)

In addition, plaintiff's factual allegations, even accepted as true and liberally construed, appear insufficient to give rise to any federal civil rights claims. The federal guarantees of substantive and procedural due process under the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). In the prison context, the Supreme Court has held that the Due Process Clause does not protect a prisoner's alleged liberty interest where a sanction "is within the normal limits or range of custody which the conviction has authorized the State to impose." *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process

Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). As observed by the Supreme Court in *Sandin*, 515 U.S. at 484-87, due process does not protect every change in the conditions of confinement that results in a substantial adverse impact on the prisoner. For example, courts have held that a prisoner does not have a constitutionally protected liberty interest in remaining in the general prison population (*see Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995)); that a prisoner does not have a constitutionally protected liberty interest in good time credits (*see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); that temporarily confining a prisoner in severe conditions during an investigative contraband watch does not give rise to a protected liberty interest (*see Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013), and that placing a prisoner in disciplinary segregation for 14 days for violating prison regulations does not violate a protected liberty interest (*see Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995)).

It appears that plaintiff is purporting to allege a violation of his due process rights arising from the assignment by unspecified prison officials of an "R" suffix to his classification level. Plaintiff, however, does not have a liberty interest in any particular classification level while in prison. *See, e.g., Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Further, to the extent that plaintiff may be purporting to allege that an allegedly improper classification level violated his Eighth Amendment rights, the act of classification does not amount to an infliction of pain and cannot give rise to a violation of the Eighth Amendment. *Id.*, 476 F.3d at 719.

In addition, to the extent that plaintiff may be purporting to allege a federal civil rights claim arising from allegations that any defendant failed to adequately resolve his administrative appeals (*see id.* at 4-5), a prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Because plaintiff's claims reference multiple legal grounds within each claim, it appears to the Court that plaintiff is purporting to allege numerous claims within a "claim." For example, in his "Count 1," plaintiff references Equal Protection, Due Process, the Fifth Amendment, placing plaintiff at a "dangerous risk labeling [him] as a sex offender" and the processing of his administrative grievances. (Doc. No. 1 at 3-6.)

Finally, to the extent that plaintiff may be purporting to allege any federal civil rights claims against any defendant arising from any defendant's alleged violation of state law or prison regulations, a defendant's alleged failure to comply with state law or prison regulations simply does not give rise to a federal civil rights claim. Rather, in order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original)).

The Court is mindful that, because plaintiff is an inmate appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004);

*see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants").

For all of these reasons, it is not clear to the Court the number of federal civil rights claims that plaintiff is purporting to raise, which defendant plaintiff is purporting to raise which claim against, and what the factual and legal basis of each of plaintiff's federal civil rights claims may be. Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the Complaint fails to comply with Rule 8 and fails to state a claim upon which relief may be granted.

************

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than May 25, 2016**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

   Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

   **IT IS SO ORDERED**.

DATED: April 19, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE